■ McConville, Inc., Appellant, v. Massachusetts Northern Construction Corp., Respondent.— Appeal from an order of a Special Term, Supreme Court, Herkimer County. This action is on a haulage contract for transporting heavy machinery, the preliminary understanding between the parties being that plaintiff would do the job for $900, based on plaintiff's estimate. Because of heavy snow plaintiff had to haul in and use a bulldozer and plow to get to where defendant's equipment was stored in order to move it. There were "very bad road conditions" in the haulage operation. All this ran the bill up to $2,282.50 for which plaintiff sues. Defendant contests this charge. To state this problem is to state a triable issue upon which summary judgment would rarely be granted. The issue would be, of course, whether the $900 discussion was an estimate contemplating variable conditions or a firm contract; and if it were an estimate, whether trouble and expense due to the snow resulted in a fair and reasonable additional charge, where the bill as sued upon exceeds by 150% the original estimate. It is true that the answering affidavit on the motion is by defendant's attorney who does not disclose facts showing personal knowledge of the crucial events here, i.e., the original agreement, or the actual nature of the trouble and expense incurred by plaintiff. But plaintiff's moving affidavit is open to other technical objections. The mere fact the moving affidavit is by an officer of the plaintiff who states he is "personally familiar" with "the facts" may mean much or little. He does not state that he personally had the conversation with defendant's people; he does not state he heard what was said; he does not say he himself saw the snow conditions which caused the higher charges to be made, or that records kept in the regular course of business disclose these conditions. The affidavit moves along on generally conclusory lines. Neither affidavit contains any statement of "fact" in the technical sense in which it is necessary to demonstrate to the court that there are no true issues in the case. It is not suggested by plaintiff that snow removal or road delays due to snow are within the published common carrier tariffs on which it relies and these are matters which must be resolved in this case. The Special Term was right in holding the case ought to be tried. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.